**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ORLANDO M. GUTIERREZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-1297-G-BK** |
| | § | |
| **ACCUWEATHER, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED**.

## I. BACKGROUND

On May 22, 2018, Plaintiff, a pro se litigant, filed his *Complaint for Violation of Civil Rights*, pursuant to 42 U.S.C. § 1983, against AccuWeather, unidentified employees of the Forecast Department Online, and Customer Service Representative Becky. Doc. 3 at 2-3. Plaintiff complains of violation of his First and Eighth Amendment rights because of hail damage to his car "due to false weather report on app." Doc. 3 at 4. He maintains that the "app" in question has posted incorrect weather reports in the past and that, when he contacted customer service, he learned that his prior e-mail complaint about such did not exist. Doc. 3 at 5. Plaintiff seeks $10 million in compensatory damages for medical and psychological treatment, car repair costs, "insurance rates," loss of time, and "extraordinary relief." Doc. 3 at 6.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although Plaintiff alleges federal civil rights claims against Defendants, he cannot satisfy the threshold requirements of 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has wholly failed in that regard. First, Plaintiff's assertions that Defendant provided a false weather report and lost his e-mail complaint do not amount to violations of the United States Constitution. Second, Plaintiff cannot show that Defendants, who are all private actors, acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (section 1983 does not reach "private conduct, no matter how discriminatory or wrongful").

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiff fails to allege facts that establish a federal civil rights violation. Accordingly, Plaintiff's complaint should be dismissed without prejudice for want of jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  Here, the factual scenario, as alleged by Plaintiff, clearly fails to establish a federal civil rights violation, and no amendment can remedy the defects noted herein.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. SANCTION WARNING

Since January 30, 2018, Plaintiff has filed nine other cases in this court.[1]  A majority of those cases were transferred to the United States District Court for the Western District of Texas, Austin Division, where a magistrate judge has already recommended that two of the cases be dismissed as frivolous for failure to satisfy the color-of-law requirement, and warned Plaintiff that sanctions may be imposed if he continues to file meritless suits.  *See Gutierrez v. Wade,* No. 1:18-cv-279-RP (W.D. Tex., Austin Div. May 22, 2018); *Gutierrez v. Tex. Mutual Ins.*, No. 1:18-cv-257-LY (W.D. Tex., Austin Div. May 22, 2018).

Given Plaintiff's filing history and the frivolous nature of the claims asserted in this case, Plaintiff should be warned that if he persists in filing frivolous or baseless cases, or cases over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions

---

[1] *See Gutierrez v. Texas Mutual Ins.*, No. 3:18-cv-238-K; *Gutierrez v. Austin Community College,* No. 3:18-cv-239-M; Gutierrez v. LNU, No. 3:18-cv-796-D; *Gutierrez v. Naughty America*, No. 3:18-cv-995-N-BN; *Gutierrez v. Digital Playground Inc.*, No. 3:18-cv-996-S; *Gutierrez v. Horm,* No. 3:18-cv-00997-L; *Gutierrez v. Workforce Solutions,* No. 3:18-cv-1129-B; *Gutierrez v. Couronne Company Glass and Metal,* No. 3:18-cv-1130-G-BK; *Gutierrez v. Nordstrom Domain,* No. 3:18-cv-1237-G.

3

and/or bar him from bringing any further action.  *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, *see* FED. R. CIV. P. 12(h)(3), and Plaintiff should be **WARNED** that if he persists in filing frivolous or baseless actions or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action.

**SO RECOMMENDED**, June 7, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE